No. 92-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993


DALE H. MALQUIST, GEORGE BOHARSKI
and GEORGE BELT,

      Plaintiffs and Appellants,

  -vs-

HOWARD P. FOLEY COMPANY, a District
of Columbia corporation, CITY
ELECTRIC, a Montana corporation,
and R.L. PAYNE COMPANY, INC.,
a Montana corporation,

      Defendants and Respondents.

**FILED**

JAN 28 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:  District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          Dale Malquist, Lincoln, Montana, Pro Se

      For Respondents:

          Ronald A. Bender; Worden, Thane & Haines, Missoula,
          Montana
          William L. Crowley; Boone, Karlberg & Haddon,
          Missoula, Montana


               Submitted on Briefs:  January 7, 1993

                      Decided:  January 28, 1993

Filed:

                                Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Dale H. Malquist appeals from the summary judgment granted in favor of City Electric and R.L. Payne Company, Inc. by the Fourth Judicial District Court, Missoula County. We affirm.

Appellant Malquist, together with George Boharski and George Belt, filed a complaint in 1982 against Howard P. Foley Company (Foley), City Electric (City), and R.L. Payne Company, Inc. (Payne). Plaintiffs alleged that defendants blacklisted them from employment as electricians in 1980, in violation of Montana's blacklisting statute, § 39-2-801, MCA, and sought compensatory and punitive damages. The District Court dismissed the claims on subject matter jurisdiction grounds; we reversed and remanded. Malquist v. Foley (1986), 220 Mont. 176, 714 P.2d 995.

The case followed a lengthy and circuitous route, including several forays into the federal court system. In addition, it was stayed as a result of the bankruptcy of defendant Foley. The stay order subsequently was lifted. Various motions were made and briefs filed.

On May 27, 1992, the District Court dismissed the claims against Foley with prejudice. On July 6, 1992, the court dismissed the claims of plaintiff Belt for failure to prosecute. The District Court then entered its opinion and order granting summary judgment in favor of City and Payne against Malquist and Boharski. Judgment was entered and the court subsequently denied Malquist and Boharski's motion to reconsider. Malquist appeals, appearing pro se.

2

The District Court determined that, even though discovery in the case had begun in 1984, plaintiffs had produced no evidence to even suggest that the alleged blacklisting occurred. In making this determination, the court considered all of the available evidence in the light most favorable to plaintiffs, including certain tape recordings and affidavits argued by defendants to be improperly before the court.

City and Payne established that no genuine issues of material fact existed and that they were entitled to judgment as a matter of law. The burden then shifted to plaintiffs to establish the existence of a genuine issue of material fact. Plaintiffs failed to meet their burden; indeed, the record is totally devoid of support for plaintiffs' claim that City and Payne engaged in blacklisting. Unsupported allegations are insufficient to raise genuine issues of material fact. The District Court did not err in granting summary judgment.

Appellant Malquist also argues that the court erred in ruling on the summary judgment motions on July 6, prior to the scheduled July 10, deadline for close of discovery. He asserts that further discovery might have produced evidence in support of the blacklisting claims. The record reflects that plaintiffs had sufficient time after receipt of defendants' motion, and before the hearing on the motion, to respond with any evidence in their power to produce; indeed, they submitted materials--including tape recorded conversations from 1980 and affidavits--in opposition to defendants' motion for summary judgment. Given the content of the

3

record and the fact that plaintiffs had uncovered no evidence to support their claim between the time of the alleged blacklisting in 1980 and the summary judgment proceeding in 1992, the District Court did not err in granting summary judgment several days before the scheduled close of discovery.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

4

January 28, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Dale Malquist
P.O. Box 633
Lincoln, MT  59639

Ronald A. Bender, Esq.
Worden, Thane & Haines
P.O. Box 4747
Missoula, MT  59806

William L. Crowley, Esq.
Boone, Karlberg & Haddon
P.O. Box 9199
Missoula, MT  59807-9199

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
      Deputy